Barnard, P. J.
The agreement upon which this action is based is perfectly fair, and was intended by the parties to it to be performed. The evidence is clear that it has not been performed, and the only question is whether the non-performance is excused in any legal way. The plaintiff and one Schmidt owned a patent-right for an improvement in waist-patterns. Tliedefendants Liebler and Ballin were desirous of manufacturing under this= patent, and to that end the patent owners and the defendants entered into» the agreement set out in the complaint. The owners of the patent by this-agreement severed their interests, and were to be paid in different ways for-an exclusive right to use the patent. Schmidt was to be employed by a company to be formed for the manufacture, and paid a weekly sum, and also waste have a royalty on the manufactured article sold. The plaintiff was to have-a certain amount of stock in the new company. The article of agreement provided that a joint-stock company should be formed by the defendants,, “with a capital stock of ten thousand dollars, in four hundred shares of' twenty-five dollars each.” This agreement further provides “that said company shall immediately, and not later than ten days after its incorporation, issue three hundred and ninety-two additional shares, of twenty-five dollars-each, which shares shall be understood and considered by said company as-paid up in full, and which shall be given and turned over free of charge to-said Richard W. Beyrich, of Brooklyn.” This agreement called for an incorporation which could issue stock legally, not only for the $10,000, but also-for the $9,800 to Beyrich. The spirit of the agreement is plain. A company should be formed with the right to issue stock for $10,000 cash, andt $9,800 for a patent-right, under which the company is to manufacture. There-is no other fair conclusion. There is not the least evidence of fraud, or of ai desire to influence capital beyond cash, or the value of cash, in property needed,, and, indeed, essential, to the corporation purposes. The defendants, therefore,, failed to perform the agreement with plaintiff when they failed to deliver this-stock called for by the agreement. The framing of the charter of the company was their act, and it is no defense if they did not frame it broad enough to perform their contract. The judgment should be reversed, and a new trial granted, costs to abide event.
Dykhan, J., concurs.